

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAVID OPPENHEIMER & CO. and
THE OPPENHEIMER GROUP,                              COMPLAINT
                    Plaintiffs,                     10 Civ (     )

                    - against -

M/V CSAV RIO TOLTEN and CAP BRETON,
their engines, boilers, tackle, furniture, apparel,
etc. *in rem*; and Compania Sud Americana de Vapores
S.A., *in personam*,
                    Defendants.
------------------------------------------------------------x

Plaintiffs, by and through their attorneys, CHALOS & CO, P.C., as for their Complaint against the M/V CSAV RIO TOLTEN and CAP BRETON, their engines, boilers, tackle, furniture, apparel, etc., *in rem*; and Compania Sud Americana de Vapores S.A. (hereinafter "CSAV"), *in personam*, allege upon information and belief, as follows:

## PARTIES

1.      At all material times, Plaintiffs were and are domestic corporations with offices and places of business located at: 262 Chapman Road, Bellevue Buildings, Suite 204, Newark, Delaware 19702, United States, and are the owners of a consignment of 5,544 boxes of mangos laden on board the M/V CSAV RIO TOLTEN and CAP BRETON, as described in more detail below.

2.      Upon information and belief, at all times material hereto, defendants M/V CSAV RIO TOLTEN and CAP BRETON were and still are vessels operated as common carriers of goods in ocean transportation for hire, and upon information and belief, they

are now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

3.  Upon information and belief, defendant CSAV, was and is a foreign corporation with an office and place of business located in: Plaza Sotomayor 50, Valparaíso, Chile, and was and still is doing business in this jurisdiction directly and/or through an agent and was at all times acting as the owner, operator and/or manager of the M/V CSAV RIO TOLTEN and CAP BRETON, and as a common carrier of goods by water for hire.

## JURISDICTION

4.  This is an admiralty and maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

5.  This Court has personal jurisdiction over the Defendants, and venue is proper by reason of Defendants' regular and systematic contacts with the State of New York.

## FACTS

6.  On or about March 15, 2009, a consignment consisting of 5,544 boxes of fresh mangos, then being in good order and condition, was delivered to the M/V CSAV RIO TOLTEN and the *in personam* defendants and/or their agents in Paita, Peru for transportation to Port Elizabeth, New Jersey, United States in consideration of an agreed upon freight, pursuant to bill of lading number CHIW24A0064129.

7.  Thereafter, the consignment having been loaded aboard the M/V CSAV RIO TOLTEN, Voyage No. 9206N, the vessel sailed from the port of Paita.

8.  Contrary to the terms of the bill of lading, the shipment was transshipped at the Port of Cartagena, Colombia, and some eight days later, was loaded onto the CAP

BRETON, and said vessel arrived in Port Elizabeth, New Jersey, United States, on April 6, 2009.

9. Upon discharge of the consignment at Port Elizaebth, it was discovered that the consignment sustained damages during transit, and was not in the same good order and condition as when received by the defendants.

10. Upon inspection of the consignment, it was determined that the damages sustained to the mangos were the result of elevated temperature exposure during periods of unauthorized trans-shipment and loading, while in the care and custody of CSAV and/or their agents, in violation of Defendant's and the said vessels' obligations and duties as common carriers of merchandise by water for hire.

11. The bill of lading requires the carrier to maintain the setting air temperature of 8°C – i.e. 46.4°F. The carrier failed to comply with its obligations under the bill of lading.

12. As a result of the damages to the consignment, the Plaintiffs have sustained a loss in the amount of USD 30,000.00.

13 Plaintiffs were the consignees of the shipment and bring this action on their own behalf and as agents or trustees on behalf of and for the interest of all parties who may be or become interested in the said shipment, including cargo insurance underwriters, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

14. By reason of the foregoing, Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the aggregate sum of USD 30,000.00.

WHEREFORE, Plaintiffs pray:

1    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2    That Judgment may be entered in favor of Plaintiffs against Defendants for the amount of Plaintiffs' damages, together with interest and costs and the disbursements of this action;

3.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest, therein be cited to appear and answer under oath, all and singular the matter aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiffs for their damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefor; and

4.    That this Court will grant Plaintiff such other and further relief as may be just and proper.

Dated:   Oyster Bay, New York
         June 1, 2010

Respectfully submitted,

CHALOS & CO, P.C.
*Attorneys for Plaintiffs*
DAVID OPPENHEIMER & CO. and
THE OPPENHEIMER GROUP

By: _____
    George M. Chalos (GC-8693)
    123 South Street
    Oyster Bay, New York 11771
    Tel: (516) 714-4300
    Fax: (516) 750-9051
    E-mail: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DAVID OPPENHEIMER & CO. and
THE OPPENHEIMER GROUP,

         Plaintiffs,    10 CV

-v-
              **VERIFICATION OF**
              **COMPLAINT**

M/V CSAV RIO TOLTEN and CAP BRETON,
their engines, boilers, tackle, furniture, apparel,
etc. *in rem*; Compania Sud Americana de Vapores
S.A., *in personam*,
         Defendants.
-----------------------------------------------------------------x

   Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

   1.  I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, DAVID OPPENHEIMER & CO. and THE OPPENHEIMER GROUP, herein;

   2.  I have read the foregoing Verified Complaint and know the contents thereof; and

   3.  I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

   4.  The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
June 1, 2010

CHALOS & CO, P.C.
*Attorneys for Plaintiffs*
DAVID OPPENHEIMER & CO. and
THE OPPENHEIMER GROUP

By: _____
George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com